LAND, J.
 

 On December 6, 1923, relator purchased from Isaac E. Curtis a lot of ground with improvements situated in Seventh District of the city of New Orleans. The lot in question is bounded by-Washington, now Fern, Short, and Green streets, and measures 30 front feet on Washington street, now Fern, by a depth of 107 feet and 6 inches between parallel lines.
 

 The act of sale was passed before Warren V. Miller, notary public, and was recorded December 6, 1923, in the conveyance office of the parish of Orleans.
 

 After relator had purchased this property, and after the recordation of the authentic act
 
 *903
 
 of sale in the conveyance office of said parish, the defendant Eunice Elliott caused to be recorded in the office of the recorder of mortgages for the parish of Orleans a mortgage bearing on the property for the sum of $3,-557, executed by Isaac E. Curtis by act dated November 21, 1923, passed before Charles Schneidau, notary public.
 

 This act of mortgage was filed in the recorder’s office for the parish of Orleans on December 8, 1923, or two days after the recordation of relator’s act of sale from Isaac E. Curtis.
 

 Under this state of facts, the defendant Eunice Elliott was cited by relator to show cause why the mortgage in her favor bearing on his property should not be canceled and erased. Relator also prayed that an alternative writ of mandamus issue and be directed to the recorder of mortgages for the parish of Orleans, commanding him to cancel and erase the inscription of the mortgage in favor of Eunice Elliott for $3,557, in so far as same may bear against relator’s property.
 

 The alternative writ of mandamus was made peremptory by judgment of the lower court of date June 20, 1924, and the recorder of mortgages has appealed.
 

 Appellant has made no appearance in the case..
 

 The judgment appealed from is clearly correct. It is provided in article 3347 of the Civil Code that:
 

 “No mortgage or privilege shall hereafter affect third parties, unless recorded in the parish where the property to be affected is situated.”
 

 See, also, Constitution of 1921, art. 19, § 19.
 

 The mortgage canceled was not of record at the date of the purchase of this property by relator, a third person, and its subsequent recordation cannot affect the property acquired by him on the faith of the public records.
 

 Judgment affirmed.